**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jesus CASTRO–GUZMAN,**
**Defendant–Appellant.**

**No. 04–41431.**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided Feb. 23, 2006.

James Lee Turner, Assistant U.S. Attorney, David Hill Peck, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, H. Michael Sokolow, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM: *

Jesus Castro–Guzman appeals his guilty-plea conviction for being found in the United States after previously having been deported. Castro–Guzman argues that there was error under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), because he was sentenced under the mandatory Sentencing Guidelines. Castro–Guzman's sentence was enhanced based only on his prior convictions, and, thus, Castro–Guzman's sentence was not affected by a Sixth Amendment violation. *See Booker*, 125 S.Ct. at 750, 769. Nevertheless, the district court erred by imposing a sentence pursuant to a mandatory application of the Sentencing Guidelines. *Id.* at 768; *see also United States v. Valenzuela–Quevedo*, 407 F.3d 728, 733 (5th Cir.), *cert. denied,* — U.S. —, 126 S.Ct. 267, 163 L.Ed.2d 240 (2005). However, Castro–Guzman cannot establish that this error affected his substantial rights because he cannot show that the outcome would have been different absent the error. *See United States v. Mares*, 402 F.3d 511, 521 (5th Cir.), *cert. denied,* — U.S. —, 126 S.Ct. 43, 163 L.Ed.2d 76 (2005). The record does not establish that the sentencing court would have imposed a different sentence had it been proceeding under an advisory guideline scheme.

Castro–Guzman also challenges the constitutionality of 8 U.S.C. § 1326(b)'s penalty provisions in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Castro–Guzman's challenge is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Castro–Guzman contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi*, we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied,* — U.S. —, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Castro–Guzman properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

The judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.